

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| DIONTRE J. BROWN, § | |
| Petitioner, § | |
| § | CIVIL ACTION NO. 1:20-3076-MGL-SVH |
| § | |
| SUMTER COUNTY, § | |
| Respondent. § | |

### ORDER ADOPTING THE REPORT AND RECOMMENDATION
### AND DISMISSING THIS ACTION WITHOUT PREJUDICE

Petitioner Diontre J. Brown (Brown) filed this as a 28 U.S.C. § 2241 petition against Defendant Sumter County. He is self represented.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting the Court dismiss this action with prejudice. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on September 17, 2020, and the Clerk of Court entered Brown's objections on September 30, 2020.  The Court has carefully reviewed Brown's objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

The gist of Brown's petition is that the Court should involve itself in his current state criminal proceedings.  But, as the Magistrate Judge observed, "[i]n *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held a federal court should not equitably interfere with state criminal proceedings 'except in the most narrow and extraordinary of circumstances.'" Report at 3 (quoting *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996)).  Applying that law to the facts of this case, the Magistrate Judge suggests the Court abstain from exercising its jurisdiction over this matter.

Brown neglects to make any specific objections to the Report.  And, the Fourth Circuit has long held that this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).  Instead, absent specific objections, the Court reviews the Report only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted).

Consequently, inasmuch as Brown neglects to make any specific objections to the Report, and the Court has found no clear error, it need not make a de novo review of the record before accepting the Magistrate Judge's recommendation.

Further, because the Magistrate Judge warned Brown of the consequences of failing to file specific objections, Report at 6, he has waived appellate review. *See Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Brown's objections, adopts the Report to the extent it does not contradict this Order, and incorporates it herein. Therefore, it is the judgment of this Court the action is **DISMISSED WITHOUT PREJUDICE** inasmuch as it is abstaining from excreting its jurisdiction pursuant to the *Younger* doctrine.

To the extent Brown requests a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 29th day of October, 2020, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

\*\*\*\*\*
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.